# NO. 12-07-00224-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENCHMARK INSURANCE COMPANY,* **§** | | *APPEAL FROM THE 273RD* |
| *APPELLANT* | | |
| | | |
| *V.* | **§** | *JUDICIAL DISTRICT COURT OF* |
| | | |
| *HOME STATE COUNTY MUTUAL* | | |
| *INSURANCE COMPANY,* | | |
| *APPELLEE* | **§** | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Benchmark Insurance Company appeals the trial court's order on Home State County Mutual Insurance Company's petition in interpleader, in which the trial court ordered that Home State be discharged from the suit, enjoined Benchmark and Robert William Sullivan from taking any action against Home State, and ordered that Home State be fully and finally released from any and all liability to Benchmark and Sullivan. Benchmark raises five issues on appeal. We affirm.

### BACKGROUND

While Sullivan was working for Silva-Tech South, Inc., his vehicle was involved in a collision with a truck driven by Johnathan Santos, who was an employee of Willoughby Trucking, Inc. Sullivan requested and received workers' compensation benefits from Benchmark, which was Silva-Tech's workers' compensation insurer. Sullivan also pursued a third party action against, among others, Santos and Willoughby Trucking and was ultimately awarded a significant verdict. Home State was responsible for a significant percentage of the amount awarded. After the verdict, when conflicts arose between Benchmark and Sullivan, Home State filed an interpleader action. Upon determining Benchmark's statutory lien and Wheeler's attorney's fees and expenses, the trial court rendered judgment in the interpleader action. This appeal followed.

## DISCUSSION

In its second, third, and fourth issues, Benchmark argues that the trial court erred in finding that the amount of Benchmark's statutory lien was $190,465.10. In its first issue, Benchmark argues that the trial court erred in finding that Wheeler was entitled to one-third of the lien as attorney's fees because Wheeler sought to reduce the amount of Benchmark's lien and failed to notify Benchmark that Sullivan received monies from third parties. In a separate opinion, we addressed and overruled Benchmark's first, second, third, and fourth issues. *See Benchmark Ins. Co. v. Sullivan*, No. 12-07-00223-CV, 2009 WL __, at *_ (Tex. App.–Tyler April 30, 2009, no pet. h.).

In its fifth issue, Benchmark argues that the trial court's abuse of discretion in determining its statutory lien and Wheeler's attorney's fees resulted in an improper order on Home State's petition in interpleader. Having previously determined in our analysis of Benchmark's first four issues that the trial court did not abuse its discretion, we hold that the trial court's judgment in the underlying interpleader action was not erroneous. Benchmark's fifth issue is overruled.

## DISPOSITION

We ***affirm*** the trial court's judgment.

 BRIAN HOYLE 
Justice

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2